UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF VIRGINIA
Richmond Division

| | | |
|---|---|---|
| In re: | LISA VAUGHAN, | Case No. 13-34220<br>Chapter 7 |
| | ALPHANSE ALONZO TUCKER, SR. and<br>JOYCE BLAND TUCKER, | Case No. 13-31527<br>Chapter 7 |
| | DANIELLE RAE CHAVIS, | Case No. 13-35495<br>Chapter 13 |
| | KENNETH STATEN, | Case No. 13-35780<br>Chapter 7 |

## MEMORANDUM OPINION

The Court has before it four separate matters initiated by the Office of the United States Trustee (the "U.S. Trustee") each seeking the imposition of sanctions against Darryl A. Parker ("Parker") for violations of Rule 9011 of the Federal Rules of Bankruptcy Procedure (the Bankruptcy Rules") and for violations of various provisions of the Virginia Rules of Professional Conduct.[1]  Parker is an attorney licensed to practice law in the Commonwealth of Virginia and is a member of the bar of this Court.[2]  Parker is accused of unprofessional conduct and incompetent representation.  The U.S. Trustee maintains, among many other things, that Parker blatantly has been tardy for numerous court proceedings and has filed false and misleading pleadings with the Court.

---

[1]   The Virginia Rules of Professional Conduct are the ethical standards governing the practice of law in this Court. Local Rule 2090-1(I).

[2]   Local Rule 2091-1(A) provides that attorneys admitted to practice before this Court comprise the Bar of the United States Bankruptcy Court for the Eastern District of Virginia.

The practice of law is a fundamental and essential component of self-government.  *See* Virginia Rules of Professional Conduct, Preamble, Va. Sup. Ct. R. Pt. 6 ("Lawyers play a vital Role in the preservation of Society").  The critical function lawyers serve in society comes with grave responsibility.  Lawyers are expected to adhere to recognized standards of professional conduct.  *See In re Johnson*, 2008 Bankr. LEXIS 164, at *12, 2008 WL 183342 (Bankr. E.D. Va. 2008).  Counsel are required to be competent in the practice of law.  Proper decorum and respect are demanded during court appearances.  Lawyers must be prompt, diligent, zealous and attentive in the representation of clients who have entrusted to them their legal affairs.  These proud tenets govern the noble profession.  But when the conduct of counsel fails to meet expected minimal standards, and when the profession proves incapable of policing itself, it then becomes incumbent upon the courts to exercise their broad discretion to apply appropriate sanctions in order to deter transgressions and protect the public good.  Such is the case that now confronts the Court.

An evidentiary hearing (the "Hearing") was conducted on December 10, 2013, on orders directed to Parker to show cause why he should not be sanctioned for his alleged unprofessional conduct.  The commencement of the Hearing was unfortunately delayed due to Parker's tardy arrival.  The Court found from the evidence presented at the Hearing that Parker had violated various of the rules of court and otherwise failed to meet the minimum standards of professional conduct.  At the conclusion of the Hearing, the Court announced that it would issue appropriate sanctions.  The Court took the matter under advisement in order to have an opportunity to

consult with other judges of the Court.  This memorandum opinion sets forth the Court's findings

of fact and conclusions of law in accordance with Bankruptcy Rule 7052.[3]

The Court has subject-matter jurisdiction over this matter pursuant to 28 U.S.C. §§ 157(a)

and 1334 and the general order of reference from the United States District Court for the Eastern

District of Virginia dated August 15, 1984.  This is a core proceeding under 28 U.S.C.

§ 157(b)(2)(A) in which final orders or judgments may be entered by a bankruptcy court.  Venue

is appropriate in this Court pursuant to 28 U.S.C. §§ 1408 and 1409(a).

## Procedural History

On August 2, 2013, Parker filed a voluntary petition for relief on behalf of Lisa Vaughan

("Vaughan") under Chapter 7 of Title 11 of the United States Code ("the Bankruptcy Code").

Harry Shaia, Jr. ("Shaia") was appointed as the Chapter 7 Trustee in the case and he continues to

serve in that capacity.  The bankruptcy case was assigned case number 13-34220.  On August 5,

2013, this Court issued a deficiency notice under Local Rule 1007-1 advising Parker that the

petition was inadequate because the required Certificate of Credit Counseling was not included.[4]

Parker failed timely to correct the deficiency or file an appropriate motion with the Court for an

extension of the deadline.  Accordingly, on August 6, 2013, the Court entered an Order

dismissing Vaughan's bankruptcy case.[5]  Only after the case was dismissed did Parker file the

---

[3]  Findings of fact shall be construed as conclusions of law and conclusions of law shall be construed as findings of fact when appropriate.  *See* Fed. R. Bankr. P. 7052.

[4]  Generally, an individual is ineligible to be a debtor in a bankruptcy case unless that individual has received credit counseling in the 180-day period preceding the commencement of the bankruptcy case.  11 U.S.C. § 109(h).  Local Rule 1007-1(I)(1) requires that a debtor who is an individual file a statement of compliance conforming to Local Form D (the "Credit Counseling Certificate").

[5]  Local Rule 1007-1(I)(2) requires the Clerk to give notice of deficiency to debtor's counsel who fails to file the Certificate of Credit Counseling with the bankruptcy petition.  The Local Rule provides, further, that the Clerk must thereafter enter an order of dismissal unless the Certificate of Credit Counseling is filed within three days after the commencement of the bankruptcy case.  LBR 1007-1(I)(2).

requisite Credit Counseling Certificate on Vaughan's behalf.  Thereafter, on August 8, 2013, Parker filed a Motion to Vacate the Dismissal of Vaughan's case.  Parker maintained in the Motion to Vacate that the Debtor was somehow to blame for the omission of the Credit Counseling Certificate, stating the "Debtor did not file her certificate of counseling in compliance with Local Bankruptcy Rule Order Dismissing Case."  Hearing on the Motion to Vacate was conducted on August 28, 2013, at which time, absent any objection, the Court granted the Motion and reinstated Vaughan's case.  The Court scheduled the § 341 meeting of creditors for October 22, 2013.[6]

Parker subsequently failed to attend the § 341 meeting of creditors on October 22 at the appointed time.[7]  Although Vaughan was present and was prepared to proceed, Shaia could not conduct the meeting without Vaughan's counsel.  Vaughan, who lives over an hour away from the courthouse, was able to finally reach Parker by telephone.  Parker arrived at the courthouse for the § 341 meeting over two hours late.  Shaia graciously accommodated Vaughan by conducting the § 341 meeting after Parker's late arrival.  Parker refused to provide any explanation for his absence.

At the § 341 meeting, Vaughan testified that she had not been made aware that her case previously had been dismissed.  Parker never told her about the problem with the Credit Counseling Certificate.[8]  Vaughan was surprised to learn of the dismissal, as she had completed

---

[6]   The Bankruptcy Code  requires  the U.S. Trustee to convene and preside at a meeting of creditors.  11 U.S.C. § 341.  The business of the meeting must include the examination of the debtor under oath.  Fed. R Bankr. P. 2003(b)(1).

[7]   The Local Rules provide that the Clerk must issue an order of dismissal in a no-asset Chapter 7 bankruptcy case upon certification by the U.S. Trustee that debtor's counsel failed to appear at a meeting of creditors.  LBR 2003-1(2).

[8]   Under the Virginia Rules of Professional Conduct, a lawyer is required to "keep a client reasonably informed about the status of a matter and promptly comply with reasonable requests for information."  Va. Sup. Ct. R. Pt. 6, § II, 1.4.

the credit counseling course and had received the necessary Credit Counseling Certificate nearly

five months prior to the commencement of her case.   Vaughan had provided the Credit

Counseling Certificate to Parker before her case was filed.   In fact, the Credit Counseling

Certificate that Parker filed with the Court was dated March 28, 2013.   Parker offered no

explanation as to why he failed to timely file the Credit Counseling Certificate.   Nor did Parker

explain why the motion he filed requesting reinstatement of the case incorrectly and inaccurately

asserted that it was the Debtor's failure that resulted in the omission of the Credit Counseling

Certificate.[9]

Vaughan also testified at the § 341 meeting that she had paid Parker $1500 to represent

her in connection with her bankruptcy case.   Bankruptcy Code § 329 provides, in pertinent part,

that an attorney representing a debtor must file with the Court a statement of compensation paid

or agreed to be paid.   11 U.S.C § 329.   Parker's certification filed with the Court in accordance

with Bankruptcy Rule 2016 disclosed only $700 of the amount he received from Vaughan.

Parker has never corrected this discrepancy nor did he offer any explanation for his

misrepresentation to the Court.[10]

On March 20, 2013, Parker filed a voluntary petition for relief on behalf of Alphanse and

Joyce Tucker (the "Tuckers") under Chapter 7 of the Bankruptcy Code.   The bankruptcy case

was assigned case number 13-31527.   The Tuckers were an elderly couple who required the

assistance of their son to attend the proceedings in their bankruptcy case.   Parker failed to attend

---

[9]   Bankruptcy Rule 9011 imposes ethical obligations on attorneys regarding papers filed with the Court on behalf of debtors.

[10]   Counsel are required to file supplemental statements every 14 days for any payments received that were not previously disclosed.   *See* Fed. R. Bankr. P. 2016(b).

the scheduled § 341 meeting of creditors in the Tuckers' case.  Counsel's failure to attend the

§ 341 meeting is grounds for dismissal of the bankruptcy case.[11]

Section 521 of the Bankruptcy Code requires debtors to provide certain documentation

such as federal tax returns and payment advices to the Chapter 7 Trustee at least seven days prior

to the § 341 meeting.  Although the Tuckers' son timely provided Parker with the requisite

documentation from his parents, Parker failed to forward the documentation to the Trustee.[12]

Failure to timely submit the documentation is further grounds for dismissal of a bankruptcy case.

Again in this case there was a discrepancy between the amount the Tuckers testified they paid

Parker to represent them in the case and the amount disclosed by Parker to the Court in

accordance with 11 U.S.C. § 329.

On October 10, 2013, Parker filed a voluntary petition for relief on behalf of Danielle

Chavis ("Chavis") under Chapter 13 of the Bankruptcy Code.  The bankruptcy case was assigned

case number 13-35495.  Carl M. Bates ("Bates") was appointed to serve as the Chapter 13

Trustee in the case.  The § 341 meeting of creditors was scheduled for November 27, 2013, at

9:00 a.m.  Chavis arrived on time for the § 341 meeting in her case.  Parker, however, did not.

He was one hour late for the meeting.  Bates obliged Parker's late arrival by conducting the

§ 341 meeting during the 10:00 a.m. docket so that Chavis' bankruptcy case would not be

dismissed.  Bates testified that he detected the distinct odor of alcohol emanating from Parker

while he conducted the § 341 meeting.  The Court was disappointed that Parker did not take the

---

[11]   *See*  note 7 *supra*.  The Tuckers' bankruptcy case was not certified for dismissal as the Trustee determined that
there were assets in the bankruptcy estate available for distribution to creditors.  The § 341 meeting had to be
reconvened, however, requiring the Tuckers and their son to return on a later date.

[12]   The Virginia Rules of Professional Conduct provide, in pertinent part, as follows:
         (a) A lawyer shall act with reasonable diligence and promptness in representing a client.
         …
         (c) A lawyer shall not intentionally prejudice or damage a client during the course of the
         professional relationship, . . .
      Virginia Rules of Professional Conduct, Va. Sup. Ct. R. Pt. 6, § II, 3.1

witness stand at the Hearing to deny this allegation.   In fact Parker offered no evidence whatsoever to refute Bates' testimony about his appearance at the § 341 meeting.

On October 24, 2013, Parker filed a voluntary petition for relief on behalf of Kenneth Staten ("Staten") under Chapter 7 of the Bankruptcy Code.  The bankruptcy case was assigned case number 13-35780.  Bruce Matson ("Matson") was appointed as the Chapter 7 Trustee and he continues to serve in that capacity in the case.  The § 341 meeting of Creditors was scheduled for December 2, 2013, at 10:00 a.m.  Although Staten was present for his § 341 meeting, Parker never appeared.  Staten waited over three hours in the offices of the U.S. Trustee hoping Parker might arrive late for the meeting.  Staten repeatedly tried to contact Parker by calling his office; but the employees in Parker's office said they were unable to locate him.  Counsel's failure to attend a § 341 meeting ready to proceed is grounds for dismissal of a debtor's bankruptcy case.

Staten provided all of the documentation required under § 521 of the Bankruptcy Code to Parker in a timely manner so that it could be delivered to the Chapter 7 Trustee at least seven days prior to the § 341 meeting.  Parker, however, did not provide the documentation to Matson. Failure to timely submit such documentation to the trustee is further grounds for dismissal of a debtor's bankruptcy case.

**Factual Findings**

Based upon the record before it, the Court finds that Parker violated LBR 1007-1 and demonstrated a lack of competent representation when he failed to file on behalf of Vaughan the Credit Counseling Certificate that Vaughan had timely provided to him.  The Court finds that Parker failed to keep Vaughan informed about the status of her bankruptcy case when he failed to communicate with her about the dismissal of her case.  The Court finds that Parker violated

Bankruptcy Rule 9011 when he filed the Motion to Vacate that placed the blame for the omission of the Credit Counseling Certificate on Vaughan.

The Court finds that Parker violated 11 U.S.C § 521 and demonstrated a lack of competent representation when he failed to forward necessary documentation with which he had been timely provided to the respective bankruptcy trustees of his clients. The Court finds that Parker violated Bankruptcy Rule 9011 by filing with the Court false Disclosures of Compensation that inaccurately reported the fees that had been paid to him by his clients and by taking no action to supplement the disclosures as required by Bankruptcy Rule 2016 to correct the discrepancies once he was alerted to the errors. The Court finds that Parker violated 11 U.S.C. § 341, Bankruptcy Rule 2003, and LBR 2003-1 and that Parker demonstrated a lack of competent representation when he failed to appear at the properly appointed times for his clients' duly scheduled § 341 meetings.

## Analysis

Attorneys are responsible for maintaining the integrity of the judicial process. Courts must be able to rely upon the competence, diligence, and dedication of the attorneys who appear and practice before them. *See In re Alvarado*, 363 B.R. at 490. An attorney has an obligation "to maintain a professional demeanor at all times" and "[c]lients must be able to impart complete trust and confidence in their counsel." *Id.* The record before the Court establishes that Parker fell far short in these regards.

Bankruptcy Code § 105 "gives to bankruptcy courts the broad power to implement the provisions of the bankruptcy code and to prevent an abuse of the bankruptcy process, which includes the power to sanction counsel." *In re Ulmer*, 363 B.R. 777, 781 (Bankr. D.S.C. 2007) (citations omitted). Attorneys may be held liable for improper or unprofessional conduct in a

case.  *In re Johnson*, 2008 Bankr. LEXIS 164, at *12, 2008 WL 183342 (Bankr. E.D. Va. 2008);

*see also In re Computer Dynamics*, Inc. 252 B.R. 50, 64 (Bankr. E.D. Va. 1997), aff'd, 18 F.3d

87, 1999 WL 350943 (4th Cir. 1999).

In each of these cases, Parker needlessly subjected his clients to procedural peril.  The

U.S. Trustee argues and the Court finds that these cases do not represent isolated occurrences.

Rather, they portray the emergence of an unfortunate pattern that, for Parker, has become

routine.  Parker has demonstrated an increasingly consistent propensity for filing ill prepared

pleadings, making untimely appearances, and disregarding procedural requirements.  Most

telling was his late arrival on his own behalf for the Hearing before this Court in the case at bar.

There has been no detectable change in Parker's professional conduct during the month that has

followed the Hearing.

The U.S. Trustee has requested that Parker be suspended from practicing before this

Court and asks that he be required to participate in continuing legal education focusing on

bankruptcy law and ethics.  On January 14, 2014, Judge Phillips of this Court issued a

memorandum opinion and entered an accompanying order in the Chapter 13 case *In re: Vanessa

D. Smith*, case 13-31565-KLP.  The issues addressed by Judge Phillips in *Smith* are similar to

and occurred contemporaneously with the matters pending here.  The Court agrees with the

rationale and conclusions set forth by Judge Phillips and will adopt his rulings and implement

sanctions regarding Parker's suspension from practice that correspond to those ordered by Judge

Phillips in *Smith*.

The U.S. Trustee has also requested the disgorgement of all attorney fees paid by the

debtors in these cases.  Section 329(b) of the Bankruptcy Code authorizes the Court to order the

return of compensation paid to an attorney when the payment exceeds the reasonable value of the

services provided by the attorney.  The Court finds that no reasonable value was received for the unprofessional services rendered in these cases.  Accordingly, the Court will order Parker to disgorge the fees he received in all four cases.

Finally, the U.S. Trustee has requested the imposition of a monetary sanction. Accordingly, Parker will be sanctioned $1000 in each case with that amount payable to the respective trustee in each case to reimburse the trustee for the expense that was incurred attending to Parker's transgressions in these cases.

Separate orders shall issue.

ENTERED: Jan 15, 2014

_____/s/Kevin R. Huennekens_____
UNITED STATES BANKRUPTCY JUDGE

Entered on docket:  Jan 15, 2014